UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00793-TBR

TERRELL WHITE,                                                                                           Plaintiff,

v.

YAMAMOTO FB ENGINEERING, INC.,                                                  Defendant.

## MEMORANDUM OPINION AND ORDER

Terrell White filed this action in Jefferson County Circuit Court against his former employer, Yamamoto FB Engineering, Inc., alleging that it fired him in retaliation for opposing unlawful race discrimination. Yamamoto FB removed White's action to this Court. *See* 28 U.S.C. § 1441(a). Now, White asks the Court to remand this litigation for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). Because White has unequivocally stipulated that he will not seek or accept a verdict in excess of the Court's jurisdictional threshold, remand is the only appropriate course for the Court to follow. Accordingly, White's Motion to Remand, [R. 6], is **GRANTED**.

### I.

### A.

Between July 2015 and March 2016, Terrell White worked as a laborer for Yamamoto FB Engineering, Inc. repairing brake parts and sorting components. [R. 1-1 at 4, ¶ 8 (Complaint).] While employed by Yamamoto FB, White alleges that he was treated less favorably than other, non-black employees. [*Id.*, ¶ 9.] In way of example, White was singled-out for drug testing. [*Id.*] When White complained of that disparate treatment, Yamamoto FB terminated him.

### B.

In response, White filed this action against Yamamoto FB in Jefferson County Circuit Court, alleging that Yamamoto FB fired him in retaliation for opposing unlawful race discrimination. [*Id.*, ¶¶ 10–11.] He seeks damages for past and future lost wages and benefits, for emotional distress, mental anguish, humiliation, and embarrassment, punitive damages, and for attorney's fees and costs. [*Id.* at 5.] Relying on 28 U.S.C. § 1332, Yamamoto FB removed White's action to this Court under 28 U.S.C. § 1441(a). [*See* R. 1 at 2, ¶ 3 (Notice of Removal).] Now, White moves to remand this action to Jefferson County Circuit Court, [*see* R. 6 (Motion to Remand)], stipulating that he will not seek or accept a verdict in excess of this Court's jurisdictional threshold, [*see* R. 6-1 at 1 (Stipulation)].

### II.

Yamamoto FB may remove White's state-court action only if he could have originally filed it in this Court. *See* 28 U.S.C. § 1441(a); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006). As the party seeking removal, Yamamoto FB bears the burden of showing that the Court has such original jurisdiction. *See Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)). Any doubts as to the propriety of removal must be resolved against it. *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Of the two kinds of this Court's original jurisdiction, *see* 28 U.S.C. §§ 1331–1332, this case concerns the one labeled "diversity," [*see* R. 1 at 2, ¶ 3]. The Court exercises such jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." 28 U.S.C. § 1332(a)(1). In making those determinations, the Court generally looks to the complaint at the time of removal. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Ahearn*, 100 F.3d at 453).

### III.

To begin, Yamamoto FB has carried its initial burden to show that the amount in controversy could exceed the jurisdictional threshold. It claims that White was paid a rate of $11.00 an hour and made approximately $22,880 a year. [R. 1-2 at 3, ¶ 4 (Dean's Declaration).] Yamamoto FB projects, reasonably, that White's total economic loss could exceed $73,000 before the resolution of this action, [*id.* at 5, ¶¶ 16–17], and that his non-economic damages alone might easily exceed the jurisdictional threshold, [*see id.* at 5–7, ¶¶ 18–19]. The Court agrees with that assessment and finds it more likely than not that more than $75,000 is in controversy. *See Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013).

Nonetheless, White's post-removal stipulation, which clarifies the amount in controversy as involving less than $75,000, requires remand. "When a post-removal stipulation is the first specific statement of the alleged damages," then it is considered "a *clarification*, rather than a reduction," of the amount in controversy. *Tankersley v. Martinrea Heavy Stampings, Inc.*, 3 F. Supp. 3d 775, 780 (E.D. Ky. 2014). So long as

the clarification is clear and unequivocal, then remand is appropriate. *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). In this case, the post-removal stipulation is in the nature of a clarification and is clear and unequivocal. [*See* R. 6-1 at 1.] Accordingly, since that stipulation prohibits White from recovering a judgment in excess of $75,000, the Court lacks subject-matter jurisdiction, leaving remand as the only remaining option.

### IV.

**IT IS HEREBY ORDERED** that Terrell White's Motion to Remand, [R. 6], is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the action styled *Terrell White v. Yamamoto FB Engineering, Inc.*, Case No. 16-CI-005692, is **REMANDED** to Jefferson County Circuit Court.

The Clerk of the Court is **DIRECTED** to close the above-captioned action.

**IT IS SO ORDERED**.

Date:

cc:    Counsel of Record